IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PHILLIP J. DOBBINS,

    Petitioner,

v.                                        Civil Action No. 5:07CV101
                                                      (STAMP)
WARDEN WAYNE PHILLIPS,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se[1] petitioner, Phillip J. Dobbins, filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons ("BOP") to transfer him to a Community Corrections Center ("CCC")[2] for the final six months of his term of imprisonment. This matter was referred to United States Magistrate Judge James E. Seibert for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09 et seq.

The magistrate judge issued an initial report and recommendation on August 17, 2007, recommending summary dismissal because the petitioner's claim was not ripe for review. Thereafter, the petitioner filed a motion for reconsideration,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

[2] The term Residential Re-entry Center ("RRC") has replaced the term Community Corrections Center. Because the parties use the term "CCC" in their pleadings, this Court will do so as well.

stating that he had been officially recommended for CCC placement. Thus, the magistrate judge granted the petitioner's motion for reconsideration, vacated the initial report and recommendation, and directed the respondent to show cause why the petition should not be granted. In response to the show cause order, the respondent filed a motion to dismiss to which the petitioner did not reply.

Thereafter, the magistrate judge entered a second report and recommendation, recommending that the respondent's motion to dismiss be granted, and the petitioner's § 2241 petition be denied as moot and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II. Facts

The petitioner was sentenced on April 25, 2005,[3] in the United States District Court for the Western District of Michigan, to a period of imprisonment of fifty-one months for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(H). The petitioner was recommended by his Unit Team for placement in a CCC

---

[3]The report and recommendation misstates that the petitioner was sentenced on April 25, 2008.

for a term of thirty to forty-five days.  At the time the magistrate judge's report and recommendation was issued, the petitioner's release date, with good-time credit, was estimated by the BOP to be January 28, 2009.  A search of the BOP inmate locator website on January 29, 2009, indicated that the petitioner was, in fact, released on January 28, 2009.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived.  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## IV. Discussion

Pursuant to 18 U.S.C. § 3621(b), the BOP must consider five factors when determining the period for CCC placement.  The factors include the following:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the offender;

(4) any statement by the court that imposed the
sentence--

>    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
>    (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

The petitioner correctly asserts that the BOP cannot rely upon a categorical formula to determine the length of an inmate's CCC placement, but must consider the § 3621(b) statutory factors. Thus, the petitioner contends that he is being unlawfully denied transfer to a CCC for the last six months of his sentence.

The respondent's motion to dismiss argues that the petitioner's § 2241 petition should be denied as moot because the petitioner is not entitled to an order compelling a six-month placement or a placement of any specific duration, and because the petitioner has been accorded the § 3621(b) review that he seeks. Therefore, the government argues that the petitioner has failed to present a live controversy, and this Court lacks jurisdiction to adjudicate the petitioner's claims. Additionally, the government contends that its motion to dismiss should be granted because the petitioner failed to exhaust administrative remedies.

This Court has reviewed the magistrate judge's report and recommendation for clear error and concludes that the petitioner is not entitled to an order from this Court directing the BOP to transfer the petitioner to CCC placement for the final six months of his term of imprisonment. An inmate's placement in a CCC, which

is limited to the lesser of ten percent of his sentence or six months, is invalid only when the BOP fails to consider the § 3621(b) statutory factors. In this case, the BOP referral form demonstrates that the BOP applied the § 3621(b) factors when determining the petitioner's length of CCC placement of between thirty and forty-five days. Specifically, the form states the following:

> Inmate Dobbins was reviewed under 18 U.S.C. § 3621(b): 1) There are available community resources in his release area. 2) The nature and circumstances of the offense are eligible for Community Corrections as there was no violence or other extenuating circumstances that would preclude the placement. 3) The history and characteristics of the inmate are: Dobbins has been approved for relocation to the Northern District of Indiana, where he will reside with his parents. He has secured employment with Gurley-Leep Automotive Group, who submitted a letter of intent to employ Mr. Dobbins. 4) The Sentencing Court in the Western District of Michigan did not make any statements in the Judgment and Commitment Order regarding Residential Re-entry Center (RCC) placement. 5) There is no pertinent policy by the Sentencing Commission.

(Dckt. 10-3.) Furthermore, the petitioner's case manager made a declaration that she applied the five enumerated factors in 18 U.S.C. § 3621(b) in determining the petitioner's CCC placement period. (Dckt. 10-3 at Ex. 1.) The petitioner has failed to present any credible information showing that this declaration is untruthful. Accordingly, this Court finds no clear error in the magistrate judge's finding that the BOP has met all of its requirements by considering the § 3621(b) factors in determining the petitioner's CCC placement period.

Furthermore, this Court finds no clear error in the magistrate judge's finding that because the petitioner has received all of the benefits to which he is entitled, the issues for which the petitioner seeks redress are moot. Therefore, this Court must dismiss this action for lack of subject matter jurisdiction. The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. When a case no longer presents a viable legal issue to resolve, the case becomes moot. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, the magistrate judge properly found that the petitioner has already been granted the relief that he sought, namely that the BOP considered the § 3621(b) factors when making its determination concerning the petitioner's CCC placement period.[4] In addition, this Court observes that according to the BOP inmate locator website, the petitioner was released from custody on January 28, 2009. Therefore, because the petitioner is no longer in the custody of the BOP, this Court finds that the petitioner's legal

---

[4]To the extent that the petitioner seeks an order requiring the BOP to afford him a longer period of CCC placement, this Court lacks authority to grant the relief he seeks. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (3d Cir. 2005) (the BOP's authority to grant an inmate CCC placement does not impose a requirement that it must do so).

6

challenges no longer require resolution. For these reasons, this case is moot, and this Court lacks the requisite jurisdiction to consider the issues raised therein.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the government's motion to dismiss is GRANTED, and the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 2, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE